IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM F. HESS,

        Petitioner,

    v.

JEAN HILL,

        Respondent.

Civil No. 05-226-ST

FINDINGS AND RECOMMENDATION

    Anthony D. Bornstein
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Lester R. Huntsinger
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He seeks to challenge the constitutionality of a decision by the Oregon Board of Parole and Post-Prison Supervision ("Board") deferring his release. For the reasons which follow, the Petition for Writ of Habeas Corpus (docket #1) should be denied, and judgment should be entered dismissing this case with prejudice.

## BACKGROUND

In 1984, petitioner was convicted in Clackamas County of Sexual Abuse in the First Degree and sentenced to an indeterminate 5-year sentence with a 30-month minimum term. Respondent's Exhibit 101. In 1985, petitioner was convicted in Multnomah County of two counts of Rape in the First Degree, Sexual Abuse in the First Degree, and Sodomy in the First Degree for crimes committed against two children. Petitioner's Multnomah County convictions resulted in the imposition of consecutive 20-year indeterminate sentences. Id; Respondent's Exhibit 103, p. 31.

The Board initially set petitioner's release date for May 1994, but repeatedly deferred his release in 24-month increments in 1993, 1996, 1998, and 1999. Respondent's Exhibit 103.

In 2001, the Board again considered petitioner's parole. Dr. H.F. Shellman evaluated petitioner in anticipation of this event and diagnosed him as suffering from "R/O Pedophilia" and a "Mixed Personality Disorder with Antisocial and Narcissistic Features."

2 - FINDINGS AND RECOMMENDATION

Respondent's Exhibit 103, p. 74. Dr. Shellman also opined that petitioner's prognosis was poor, and that he would pose a risk to the community if released on parole. Id.

On November 7, 2001, the Board issued a Board Action Form which reads as follows:

> BASED ON THE DOCTOR'S REPORT AND DIAGNOSIS, COUPLED WITH ALL THE INFORMATION THAT THE BOARD IS CONSIDERING, THE BOARD CONCLUDES THAT THE INMATE SUFFERS FROM A PRESENT SEVERE EMOTIONAL DISTURBANCE THAT CONSTITUTES A DANGER TO THE HEALTH OR SAFETY OF THE COMMUNITY. THE BOARD HAS CONSIDERED THIS MATTER UNDER THE LAWS IN EFFECT AT THE TIME OF THE COMMITMENT OFFENSE(S).
>
> THE BOARD DEFERS RELEASE DATE FOR 24 MONTHS FOR A PROJECTED PAROLE RELEASE DATE OF 05/07/2004, FOR A TOTAL OF 240 MONTHS. A REVIEW WILL BE SCHEDULED IN 11/2003 WITH A CURRENT PSYCHOLOGICAL EVALUATION.
>
> PURSUANT TO OAR 255-080-0015, YOU MAY REQUEST ADMINISTRATIVE REVIEW OF THIS ORDER BY SUBMITTING AN ADMINISTRATIVE REVIEW REQUEST FORM TO THE BOARD OF PAROLE AND POST-PRISON SUPERVISION WITHIN 45 DAYS OF THE MAILING DATE OF THIS ORDER. YOU MUST EXHAUST YOUR ADMINISTRATIVE REMEDIES BEFORE PETITIONING THE COURT OF APPEALS FOR JUDICIAL REVIEW.

Id at 96.

Petitioner timely sought administrative review, but the Board upheld its decision in its entirety. Id at 100, 103-04. Petitioner directly appealed this decision, but the Oregon Court of Appeals affirmed the Board's decision without a written opinion, and the Oregon Supreme Court denied review. Hess v. Board of Parole, 196 Or. App. 82, 101 P.3d 370 (2004), rev. denied, 338 Or. 16, 107 P.3d 26 (2005).

3 - FINDINGS AND RECOMMENDATION

On February 14, 2005, petitioner filed his Petition for Writ of Habeas Corpus raising the following claims:

One: The Board violated the *Ex Post Facto* Clause when its members, rather than a psychologist, diagnosed him as having a present severe emotional disturbance.

Two: The statutory phrase "present severe emotional disturbance" is unconstitutionally vague; and

Three: The Board violated the *Ex Post Facto* Clause when it deferred his parole based on harsher standards for release resulting from legislation and policies enacted well after the offense of conviction;

Respondent asks the court to deny relief on these claims because: (1) Ground One is not argued in petitioner's Memorandum in Support of the Petition, and should therefore be considered abandoned; (2) Ground Two was not fairly presented to the state courts, and is now procedurally defaulted; and (3) the state court decisions denying relief on Ground Three are entitled to deference.

## DISCUSSION

### I. Unargued Claim

The Petition for Writ of Habeas Corpus raises a claim that the Board members violated the *Ex Post Facto* Clause when they took it upon themselves to decide that petitioner suffered from a present severe emotional disturbance, rather than requiring a psychologist to render such a diagnosis. The court believes this claim to be intertwined with petitioner's Ground Three claim and, therefore, considers the matter adequately briefed. Accordingly, Ground One

4 - FINDINGS AND RECOMMENDATION

should not be denied as abandoned. The court will jointly address the merits of Grounds One and Three below.

## II. Exhaustion and Procedural Default

Respondent asserts that petitioner's Ground Two claim should be denied because it was not presented to the Board during petitioner's administrative review and, therefore, was not preserved for appellate review in the state courts. Because Ground Two fails on its merits, the court declines to decide the exhaustion issue. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.").

## III. The Merits

### A. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

5 - FINDINGS AND RECOMMENDATION

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent."  Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id at 413.  The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. Id at 410.  The state court's application of clearly established law must be objectively unreasonable.  Id at 409.

When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine whether the state court clearly erred in its application of Supreme Court law.  Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000). In such an instance, although the court independently reviews the record, it still defers to the state court's ultimate decision. Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002).
///

6 - FINDINGS AND RECOMMENDATION

**B.    Grounds One and Three: *Ex Post Facto* Punishment**

In Grounds One and Three, petitioner argues that the Board violated his right to be free from *ex post facto* punishment when it deferred his parole using harsher standards for release than those in effect at the time he committed his offenses.

The *Ex Post Facto* Clause of the U.S. Constitution prohibits states from enacting laws which, by retroactive operation, increase the punishment for a crime after its commission. Garner v. Jones, 529 U.S. 244, 250 (2000). A law violates the *Ex Post Facto* Clause if: (1) it "appl[ies] to events occurring before its enactment," Weaver v. Graham, 450 U.S. 24, 29 (1981); and "produces a sufficient risk of increasing the measure of punishment attached to the covered crimes." Calif. Dep't. of Corr. v. Morales, 514 U.S. 499, 504 (1995).  There is no *Ex Post Facto* violation if it "creates only the most speculative and attenuated risk of increasing the measure of punishment attached to the covered crimes."  Id at 513.

The relevant inquiry in cases involving parole is whether the amended rule creates a significant risk of prolonging a prisoner's incarceration.  Garner, 529 U.S. at 251.  As noted in Garner, however, whether retroactive application of a change in parole law violates the prohibition against *ex post facto* legislation "is often a question of particular difficulty when the discretion vested in a parole board is taken into account."  Id at 250.  In

7 - FINDINGS AND RECOMMENDATION

determining whether a change in parole laws actually resulted in increased punishment, policy statements, along with actual practices of the Board, are important considerations. Id at 256.

At the time of petitioner's crimes, former ORS 144.125 allowed the Board to postpone parole in the following circumstances:

> If a psychiatric or psychological diagnosis of present severe emotional disturbance such as to constitute a danger to the health or safety of the community has been made with respect to the prisoner, the board may order the postponement of the scheduled parole release until a specified future date.

In 1993, the Oregon legislature amended ORS 144.125 to read as follows:

> If the board finds the prisoner has a mental or emotional disturbance, deficiency, condition or disorder predisposing the prisoner to the commission of a crime to a degree rendering the prisoner a danger to the health or safety of the community, the board may order the postponement of the scheduled parole release until a specified future date.

At the time of petitioner's crimes, the Board had informally interpreted former ORS 144.125(3) to mean that any time a psychiatric or psychological evaluation did not explicitly state that an inmate suffered from a present severe emotional disturbance, it was required to release the inmate on parole. It later reinterpreted its authority under the same statute and concluded that it could defer parole based on a wider pool of information.

8 - FINDINGS AND RECOMMENDATION

To the extent that petitioner asserts that this reinterpretation violated his right to be free from *ex post facto* punishment, District Judge Anna J. Brown addressed this same argument with respect to this petitioner. She denied relief on this claim because there is no clearly established federal law addressing this issue. Therefore, the state court decisions cannot be contrary to, nor unreasonable applications of, clearly established federal law. See Hess v. Lampert, CV 02-85-BR (Lead Case) & CV 02-480-BR (Related Case) (citing Everist v. Czerniak, CV 02-386-BR). Petitioner has not identified any clearly established law entitling him to relief, nor has he otherwise given the court any reason to believe that Judge Brown's disposition of this issue was erroneous.

Petitioner also contends that the Board changed the manner in which it considered parole applications, retroactively applying the 1993 version of ORS 144.125 to all inmates, and thereby subjecting him to a more onerous parole process than was utilized when he committed his crimes. To support his assertion, petitioner points to the language in the Board's deferral where the Board noted that it relied on Dr. Shellman's report "coupled with all the other evidence the Board is considering. . . ." Respondent's Exhibit 103, p. 96. According to petitioner, this shows: (1) the Board improperly considered other information outside Dr. Shellman's report to conclude that petitioner was unsuitable for parole; and (2) Dr. Shellman's diagnosis, alone, did not support a finding of

9 - FINDINGS AND RECOMMENDATION

present severe emotional disturbance as required by former ORS 144.125(3). As a result, he contends that he should have been automatically paroled.

The Board specifically stated in its Board Action Form that it considered petitioner's parole eligibility under the laws in effect at the time petitioner committed his offenses. Respondent's Exhibit 103, p. 96. In addition, the Oregon Court of Appeals has concluded that former ORS 144.125(3) did "not require that a psychiatrist or psychologist recite the words 'severe emotional disturbance' when diagnosing the prisoner, nor [did] it require that the Board base its release decision solely on a psychiatrist or psychologist's diagnosis of 'severe emotional disturbance.'" Weidner v. Armenakis, 154 Or. App. 12, 17, 959 P.2d 623 (1998), vacated as moot, 327 Or. 317 (1998) (construing identical 1991 version of ORS 144.125(3)); Merrill v. Johnson, 155 Or. App. 295, 964 P.2d 284, rev. denied, 328 Or. 40 (1998) (adopting reasoning in Weidner); Godleske v. Morrow, 161 Or. App. 523, 526, 984 P.2d 339 (1999) (construing identical 1981 version of ORS 144.125(3)).

Because former ORS 144.125(3) did not require the Board to base its parole decision solely on a psychiatric or psychological report, the Board did not violate petitioner's right to be from *ex post facto* punishment when it considered evidence in addition to Dr. Shellman's evaluation. Accordingly, upon an independent review of the record, the court concludes that the state court decisions

10 - FINDINGS AND RECOMMENDATION

denying relief on this claim were neither contrary to, nor unreasonable applications of, clearly established federal law.

### C. Ground Two: Present Severe Emotional Disturbance

Petitioner alleges that former ORS § 144.125(3) allowed the Board to defer his parole upon a finding of a "present severe emotional disturbance," a standard which petitioner believes to be unconstitutionally vague in violation of the Fourteenth Amendment. District Judge Robert E. Jones recently addressed this identical claim with respect to this petitioner and determined that habeas corpus relief is not appropriate. Hess v. Hill, CV. 05-718-JO, Opinion and Order dated October 10, 2006. This court recommends denying relief with respect to Ground Two for the reasons identified in Judge Jones' Opinion.

### IV. Request for Discovery

In the alternative, petitioner asks the court to order discovery of internal agency documents pertaining to the Board's interpretation of ORS 144.125, as well as its practical implementation.

Habeas corpus petitioners, unlike usual civil litigants, are not entitled to discovery as a matter of ordinary course. Bracy v. Gramley, 520 U.S. 899, 903-905 (1997). Habeas corpus petitioners may conduct discovery to the extent that "the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Rule 6(a) of the Rules Governing Section 2254

11 - FINDINGS AND RECOMMENDATION

Cases. Good cause is shown where a petitioner demonstrates, through specific allegations, that there is reason to believe that he may be entitled to relief. <u>Bracy</u>, 520 U.S. at 908-909 (quoting <u>Harris v. Nelson</u>, 394 U.S. 286, 300 (1969)).

Petitioner has not described how the discovery he seeks would entitle him to relief in this matter, and the court cannot see how any additional documentary evidence from the Board would assist him. Because petitioner has not met the "good cause" standard, his discovery request should be denied.

## **RECOMMENDATION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (docket #2) should be DENIED, and judgment should be entered DISMISSING this case with prejudice.

## **SCHEDULING ORDER**

Objections to these Findings and Recommendation, if any, are due November 3, 2006. If no objections are filed, then the Findings and Recommendation(s) will be referred to a district judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings

///

///

///

12 - FINDINGS AND RECOMMENDATION

///

and Recommendation will be referred to a district judge and go under advisement.

DATED this <u>16th</u> day of October, 2006.

<pre>
                              /s/  Janice M. Stewart            
                              Janice M. Stewart
                              United States Magistrate Judge
</pre>

13 - FINDINGS AND RECOMMENDATION